# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2258

_____

United States of America,

*Plaintiff - Appellee,*

v.

Kevin Villalobos Guardado, also known as Kevin Ulises Villalobos Guardado,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 7, 2017
Filed: July 19, 2017

_____

Before COLLOTON and BENTON, Circuit Judges, and GERRARD,[1] District Judge.

_____

COLLOTON, Circuit Judge.

Kevin Villalobos Guardado pleaded guilty to several federal criminal charges, including conspiracy to distribute methamphetamine. In calculating an advisory

_____

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska, sitting by designation.

sentencing guideline range, the district court[2] found that Guardado was responsible for more than 410 grams of actual methamphetamine and more than three kilograms of methamphetamine mixture. Based on those findings, the court determined an advisory guideline range of 235 to 293 months' imprisonment, and sentenced Guardado to 293 months. Guardado appeals the sentence. He argues that his plea agreement with the government guaranteed that he would be accountable for a smaller quantity of drugs. We disagree and affirm the judgment.

Guardado pleaded guilty to one count of conspiracy to distribute methamphetamine, *see* 21 U.S.C. §§ 846, 841(b)(1)(A), one count of illegal reentry, *see* 8 U.S.C. § 1326(a), and two counts of possessing a firearm as an alien who is illegally in the United States, *see* 18 U.S.C. §§ 922(g)(5), 924(a)(2). In a plea agreement, Guardado and the government stipulated that it was reasonably foreseeable to Guardado that the conspiracy involved distribution of at least 50 grams of actual methamphetamine. The factual basis statement of the agreement listed the dates of five methamphetamine transactions in which Guardado distributed a total of 149.93 grams of actual methamphetamine.

The plea agreement set forth the minimum and maximum statutory penalties for each offense. The agreement also stated that the sentencing court would consider a number of factors, including the quantity of drugs involved in his offense, to calculate Guardado's advisory guideline range. A section entitled "Sentence to be Decided by Judge – No Promises" provided that Guardado's final sentence would be determined solely by the district court. The agreement permitted the parties to make at sentencing "whatever comment and evidentiary offer they deem appropriate," as long as the comment or offer did not violate any other provision of the plea agreement.

---

[2]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

At a change-of-plea hearing, a magistrate judge reviewed the terms of the plea agreement in detail and explained to Guardado that both parties could present any relevant evidence at sentencing. Guardado stated that he understood the agreement's terms, including the maximum sentences. Guardado then pleaded guilty to all four counts. The district court adopted the magistrate judge's recommendation and accepted Guardado's guilty pleas as knowing and voluntary.

At sentencing, Guardado objected to the drug quantities recommended by the government and the probation office. These recommendations were to find a quantity of methamphetamine that corresponded to a base offense level of 34. Guardado maintained that because the parties had stipulated to 149.93 grams of actual methamphetamine in the plea agreement, the government was limited to arguing for an offense level of 30 based on that quantity. The district court rejected Guardado's argument, and found a quantity that dictated a base offense level of 34. Other adjustments resulted in a total offense level of 38, and the court sentenced Guardado to 293 months' imprisonment for the conspiracy count.

On appeal, Guardado argues that the government breached the plea agreement when it urged the district court to sentence him based on a quantity of drugs that exceeded the amount to which he stipulated in the factual basis statement of the plea agreement. But unlike the plea agreement in *United States v. DeWitt*, 366 F.3d 667, 669-70 (8th Cir. 2004), Guardado's agreement did not specify the quantity of drugs that would be used to calculate Guardado's guideline range. And Guardado's plea agreement reserved to both parties the right to present at sentencing any evidence and argument on issues not explicitly agreed to or decided in the document. The government thus did not breach the agreement when it argued at sentencing that Guardado was responsible for more than 149.93 grams of actual methamphetamine. *See United States v. Noriega*, 760 F.3d 908, 911-12 (8th Cir. 2014).

Guardado also contends that his plea was not voluntary, because he harbored a reasonable expectation that he would be sentenced based on the quantity of drugs

set out in the plea agreement. For a plea to be voluntary, however, a defendant need not understand precisely how the sentencing guidelines will apply to his case. A plea is knowing and voluntary if the district court informs the defendant of the minimum and maximum statutory penalties and the court's authority to sentence within that range. *United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009). The written plea agreement set forth this information, and the magistrate judge orally advised Guardado of the same at the plea hearing. Guardado complains that this information did not allow him truly to understand the nature and impact of his guilty plea, but the standard is an objective one, and the advice here was sufficient to establish a knowing and voluntary plea. That the parties stipulated to a quantity of *at least* 50 grams of actual methamphetamine did not support a reasonable expectation that the court was forbidden to consider additional quantities that were established at sentencing.

The judgment of the district court is affirmed.

_____